UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------X
GWYNNE GRIJALVA and HUGO
GRIJALVA PEREZ,

                Plaintiffs,

    -against-

ANTHONY J. BLINKEN, Secretary of
State, UNITED STATES DEPARTMENT
OF STATE, and UNITED STATES
CITIZENSHIP & IMMIGRATION
SERVICES,

                Defendants.
-----------------------------------------------------------X

**REPORT AND RECOMMENDATION**
22-CV-846 (WFK) (TAM)

**TARYN A. MERKL**, United States Magistrate Judge:

    Plaintiffs Gwynne Grijalva and Hugo Grijalva Perez ("Plaintiffs") initiated this action against Defendants Anthony J. Blinken, the United States Department of State, and the United States Citizenship & Immigration Services ("USCIS") (collectively, "Defendants" or the "Government") on February 15, 2022, seeking judicial review and reversal of the USCIS decision to deny Mr. Grijalva Perez's application for an immigrant visa. (Compl., ECF No. 1.) Plaintiffs amended the complaint twice, culminating in the filing of the second amended complaint on August 11, 2023. (Second Amend. Compl., ECF No. 41.) After Mr. Grijalva Perez was granted a new consular interview, the parties stipulated to a dismissal without prejudice, "subject to reinstatement by letter motion, to be filed within 30 days of Plaintiffs' receipt of a decision on [Mr.] Grijalva Perez's visa application." (Stip. of Dismissal, ECF No. 54.) Mr. Grijalva Perez's visa application was denied on July 31, 2024. (Pls.' Mot. to Reopen, ECF No. 56.)

The 30-day deadline to move for reinstatement lapsed on August 30, 2024. On September 3, 2024, one business day after August 30, 2024, Plaintiffs filed a letter motion seeking to reinstate their second amended complaint and modify the stipulation, *nunc pro tunc*, to permit such reinstatement. (*Id.*) In his declaration accompanying the motion, Plaintiffs' counsel wrote that he miscalculated the deadline, likely due to brain fog associated with his long COVID diagnosis. (Moseley Decl., ECF No. 56, at ECF pp. 2–3.)

On September 11, 2024, Defendants filed a letter response, stating that they "take no position" on the motion to reopen. (Defs.' Response, ECF No. 59, at 1.) Defendants further noted that because Plaintiffs' previous pleading "has necessarily been overtaken by events," it "cannot serve as the operant pleading of a new action, to the extent Plaintiff's motion so requests." (*Id.*) In their Reply, Plaintiffs agreed with Defendants that "an amended complaint to reflect the July 31, 2024 immigrant visa denial would be necessary if the case is reinstated." (Pls.' Reply, ECF No. 60, at 1.)

After the Honorable William F. Kuntz, II referred the motion to reopen to the undersigned magistrate judge, this Court held a status conference. (*See* Oct. 22, 2024 ECF Minute Entry; *see also* Order Referring Mot., ECF No. 61.) During the conference, Plaintiffs confirmed that, in addition to their motion to reopen, they also seek leave to file an amended complaint that would reflect the July 31, 2024 visa denial. The Government confirmed that it does not take a position on the motion to reopen and did not object to Plaintiffs' filing of an amended complaint. In addition, the parties represented that Plaintiffs will be prepared to file their amended complaint by November 12, 2024, with Defendants' answer or other response due by December 13, 2024.

Courts have inherent discretion to excuse expired deadlines. *See, e.g.*, Fed. R. Civ. P. 6(b)(1)(B) (providing that the Court "may, for good cause, extend the time on motion made after the time has expired if the party failed to act because of excusable neglect"). Here, counsel's one-day delay in filing the motion to reopen should be excused. The delay does not prejudice Defendants and any impact on the judicial proceedings is negligible. Moreover, permitting Plaintiffs to reopen and to file an amended complaint in lieu of initiating a new case promotes efficiency. *See* Fed. R. Civ. P. 1 (stating that the Federal Rules of Civil Procedure "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding"). For these reasons, the Court respectfully recommends that Plaintiffs' motion to reopen be granted.

Should the motion to reopen be granted, the Court further recommends that Plaintiffs be given leave to file a third amended complaint. Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, a party may amend its pleadings "with the opposing party's written consent or the court's leave." Rule 15(a)(2) further provides that courts "should freely give leave" to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). As a general rule, if the underlying facts or circumstances relied upon by the party seeking leave to amend "may be a proper subject of relief," the party "should be afforded the opportunity to test the claim on its merits." *United States ex rel. Maritime Admin. v. Cont'l Ill. Nat'l Bank & Trust Co. of Chi.*, 889 F.2d 1248, 1254 (2d Cir. 1989). Plaintiffs' second amended complaint does not reflect Mr. Grijalva Perez's most recent visa denial, and Defendants have acknowledged the need for Plaintiffs to amend the complaint since the operative pleading "has necessarily been overtaken by events." (Defs.' Response, ECF No. 59, at 1.) Accordingly, consistent with Federal Rule of Civil

Procedure 15(a)(2), this Court recommends that Plaintiffs be granted leave to file a third amended complaint.

## CONCLUSION

For the aforementioned reasons, the Court recommends that Plaintiffs' motion to reopen be GRANTED. The Court further recommends that Plaintiffs be granted leave to file their amended complaint by November 12, 2024, and Defendants be directed to answer, move, or otherwise respond to the amended complaint by December 13, 2024.

\* \* \* \* \*

This report and recommendation will be filed electronically. Objections to this report and recommendation must be filed, with a courtesy copy sent to the Honorable William F. Kuntz, II at 225 Cadman Plaza East, Brooklyn, New York 11201, within fourteen (14) days of filing. Failure to file objections within the specified time waives the right to appeal both before the district court and appellate courts. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(a) (providing the method for computing time). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See, e.g.*, *Caidor v. Onondaga County*, 517 F.3d 601, 604 (2d Cir. 2008) (explaining that "failure to object timely to a . . . report [and recommendation] operates as a waiver of any further judicial review of the magistrate [judge's] decision" (quotation marks omitted)).

**SO ORDERED.**

Dated: Brooklyn, New York
       October 24, 2024

_Taryn A. Merkl_
TARYN A. MERKL
UNITED STATES MAGISTRATE JUDGE